take or faulty language in the original order; the *nunc pro tunc* order affected the substantive rights of defendant and subjected him to a body execution. It is elementary that a trial court loses all power to change or alter its judgment after 30 days except as to form, and then only pursuant to some note, memorandum or memorial remaining in the files or upon the record of the court. *City of Chicago v. Evon, supra,* and cases cited therein.

For the reasons indicated the order of the superior court denying the motion of the defendant to vacate and expunge from the record the judgment of March 24, 1950, and to quash the *capias* issued pursuant thereto is reversed, and the cause is remanded with directions to quash the writ and to expunge the *nunc pro tunc* order.

*Order reversed and cause remanded with directions.*

SCHWARTZ, P. J., and SCANLAN, J., concur.

Household Finance Corporation, Appellee, v. Clara A. Anderson, Appellant.

Gen. No. 10,427.

Geo. W. Thoma, for appellant; Harry G. Weaver and William P. Shattuck, of counsel; Kinne & Scovel, for appellee; Frank J. Komarek, of counsel. Opinion by PRESIDING JUSTICE WOLFE. Not to be published in full. Opinion filed October 7, 1950; rehearing denied February 8, 1951; released for publication February 12, 1951.